IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANDY NORWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19 C 1944 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| SHERIFF THOMAS J. DART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On January 7, 2020, plaintiff Randy Norwood, by counsel, filed a three-count second amended complaint against Cook County Department of Corrections Officers based on a February 27, 2017, incident at Cook County Jail. The defendants responded with a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) based on Norwood's settlement agreement and general release in a separate lawsuit before the Court. For the following reasons, the Court grants defendants' motion.

**Background**

Plaintiff Randy Norwood brings his lawsuit under 42 U.S.C. § 1983 claiming deliberate indifference to his serious medical needs and safety. Norwood alleges that on February 26, 2017, there was a fire at the Cook County Jail that caused black, soot-filled smoke to fill his cell. He further alleges that he was trapped in his cell for forty minutes and suffered from smoke inhalation.

When officers finally arrived at his cell, they took Norwood and other detainees to the jail's chapel where there was fresh air. Norwood alleges that he repeatedly told the officers that he needed medical attention – to no avail. Three hours later, officers returned Norwood and the other detainees to their cells, where the soot and smoke lingered until the ventilation system began

working approximately two hours later. According to Norwood, he did not receive any medical attention until two days after the incident.

In their affirmative defenses, defendants alleged that "Plaintiff released all claims complained of in this Complaint pursuant to a 'Settlement Agreement and General Release' which was executed by Plaintiff when settling one of his prior cases before this Honorable Court, captioned '*Randy Norwood v. Fauzia Khan, Thomas Dart, Sheriff of Cook County, and Cook County*,' Case No. 18 C 4890, United States District Court for the Northern District of Illinois, Eastern Division." Norwood was represented by counsel when he entered into the 2018 settlement agreement and general release as evidenced by the agreement:

> Plaintiff acknowledges that he reviewed this document with one of his attorneys and acknowledges that he understands the contents thereof, and executed this Agreement of his own free act and deed. The undersigned represent that they are fully authorized to enter into and bind the Parties to this Agreement.

(R. 39-1, Ex. A, 11/18 Confidential Settlement Agmt. & General Release ¶ 17.)

**Legal Standard**

"[T]he correct vehicle for determining an affirmative defense on the pleadings is an answer and a motion for judgment on the pleadings under Rule 12(c)." *H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 632 (7th Cir. 2020). "A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6)," thus courts "must determine whether the complaint states 'a claim to relief that is plausible on its face.'" *Gill v. City of Milwaukee,* 850 F.3d 335, 339 (7th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In doing so, courts accept plaintiff's "factual allegations as true and draw reasonable inferences from them in his favor." *Taylor v. JPMorgan Chase Bank*, 958 F.3d 556, 562 (7th Cir. 2020).

**Discussion**

In their Rule 12(c) motion, defendants assert that the 2018 settlement agreement contains a general release, which covers the present lawsuit, whereas, Norwood argues that the agreement

intended to release only the claims that were specifically referenced, namely, the claims in the 2018 *Norwood v. Khan* case. "A court's job in construing a negotiated release under Illinois law is to determine what the parties intended." *Engineered Abrasives, Inc. v. American Mach. Prods. & Serv., Inc.*, 882 F.3d 650, 653 (7th Cir. 2018). More specifically, "[u]nder Illinois law, 'the intention of the parties controls the scope and effect of the release; such intent is determined from the language of the instrument when read in light of the circumstances surrounding the transaction.'" *Crosby v. City of Chicago,* 949 F.3d 358, 361 (7th Cir. 2020) (citation omitted). In construing the parties' intent, Illinois courts give contract terms that are clear and unambiguous their plain and ordinary meaning in the context of the contract as a whole. *Royce v. Michael R. Needle P.C.,* 950 F.3d 939, 951 (7th Cir. 2020).

In support of their argument that Norwood's 2018 settlement released the present claims, defendants point to the following paragraph of the agreement:

> Plaintiff for himself fully and forever releases, acquits and discharge Defendants, their agents, employees and former employees either in official or individual capacities, from ***any and all actions,*** suits, debts, sums of money, accounts and all claims and demands of whatever nature, in law or in equity*, **including but not limited to*** any and all claims for Constitutional, federal law or state law violations against Plaintiff, and/or any taken, damaged, disposed of, or destroyed property, and any costs accrued arising out of Plaintiff's allegations which are the subject of *Norwood v. Dart,* 18 C 4890, in the United States District Court for the Northern District of Illinois, Eastern Division.

(Agmt. ¶ 7) (emphasis added). Defendants maintain that the language "including but not limited to" indicates that the agreement was a general release discharging defendants of any and all actions, not just the claims arising out of the 2018 lawsuit as Norwood suggests. Indeed, under Illinois law, "the phrase 'including but not limited to,' … signals a broad release." *Darvosh v. Lewis,* 66 F.Supp.3d 1130, 1135 (N.D. Ill. 2014) (Castillo, J.). In further support that paragraph 7 is a general release is the carve-out paragraph immediately following paragraph 7 that excepted another pending lawsuit from the general release:

3

> Notwithstanding paragraph 7, Plaintiff may proceed with his pending lawsuit, styled as *Norwood v. Dart, et al.*, 17 C 5769, which is currently pending the United States District Court, Northern District of Illinois, Eastern Division, and nothing in this Agreement shall affect, alter or diminish in any way Mr. Norwood's rights related to that action.

(Agmt. ¶ 8.) In fact, Norwood is actively litigating this 2017 lawsuit before this Court as the remaining parties are completing written discovery.

As such, Norwood's argument that he only released his claims in the *Norwood v. Khan* lawsuit is belied by the plain language in his settlement agreement and general release. As the Seventh Circuit recently observed, "[i]t would have been odd for the settlement ***not*** to mention the underlying suit that prompted it; the desire to dispose of those claims is what drove the parties to the bargaining table." *Crosby*, 949 F.3d at 361 (emphasis in original). That said, as the 2018 settlement agreement makes clear, Norwood agreed to do more than dismiss the claims in the *Norwood v. Khan* lawsuit.

In sum, under the circumstances and construing the settlement agreement as a whole, the release language is broad and encompasses more than the 2018 *Norwood v. Khan* claims, including the claims in this lawsuit based on events that happened well over a year before Norwood signed the general release in November 2018. *See Hampton v. Ford Motor Co.*, 561 F.3d 709, 716 (7th Cir. 2009) ("a party need not enumerate the specific claims [the party] is waiving in a general release."). If the Court were to interpret the settlement agreement and general release as Norwood argues, the language "including but not limited to" would be rendered superfluous resulting in an unreasonable interpretation of the parties' intent. *See Land of Lincoln Goodwill Indus., Inc. v. PNC Fin. Serv. Group, Inc.*, 762 F.3d 673, 679 (7th Cir. 2014) (Illinois courts attempt to "give meaning to every provision of the contract and avoid a construction that would render a provision superfluous."). Because the unambiguous language in the 2018 settlement released Norwood's claims in this matter, the Court grants defendants' Rule 12(c) motion for judgment on the pleadings.

**Conclusion**

For the foregoing reasons, the Court grants defendants' Rule 12(c) motion [43]. Civil case terminated.

**IT IS SO ORDERED.**

Date: 6/22/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge